# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **WILLIAM H. FARRELL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CASE NO. 6:24-cv-00091** |
| | § | |
| **MASSAMBA DIENG, and RISKEY** | § | |
| **TRANSPORTATION, LLC,** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, **WILLIAM H. FARRELL**, by and through the undersigned attorneys, (hereinafter "Farrell" or "Plaintiff") and files this his Original Complaint against Defendants **MASSAMBA DIENG** ("Dieng") and **RISKEY TRANSPORTATION, LLC** ("RTL") (collectively "Defendants") and would respectfully show the Court as follows:

### I.   PARTIES

1. Plaintiff William H. Farrell is an individual and citizen of the State of Texas who resides in Coryell County, Texas.

2. Defendant Massamba Dieng is an individual and citizen of Rhode Island who may be served at his primary place of residence at 227 Wood Ave., Apt # 1, Woonsocket, Rhode Island 02895.

3. Defendant Riskey Transportation, LLC is a corporation with its principal place of business at 2537 Rosedown Dr., Cantonment, Florida 32533 and who may be served through its registered agent Francis S. Key, III located at 2537 Rosedown Dr. Cantonment, FL 32533.

1

## II. JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendants pursuant to the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042, as this lawsuit arises out of a tort committed by Defendants in whole or in part in Texas. Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas by directing their commercial carrier business to this State, maintaining such minimum contacts with this State that the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

5. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(2) because Plaintiff is a citizen of a U.S. state and Defendants are citizens of a foreign state, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to these claims occurred in this district.

## III. FACTUAL BACKGROUND

7. The National Highway Traffic Safety Administration (NHTSA) reports that more than 4,000 fatal commercial truck crashes occurred on U.S. highways annually.

8. According to the Texas Department of Transportation (TxDOT), the state of Texas leads the nation in commercial truck crashes, reporting over 32,000 annually and an annual death rate of 500 or more fatalities every year.

9. This case arises from a vehicle collision involving a commercial truck that occurred on December 21, 2023, along State Highway 36 in Hamilton County, Texas.

10. Defendants Riskey Transportation, LLC is in the business of, among other things, facilitating and financing the transport of various goods using commercial trucks and trailers in and throughout the United States, including the state of Texas. Defendant RTL is

registered with the U.S. Department of Transportation as a motor carrier under USDOT No. 3864638, reportedly operating 15 commercial trucks with 15 professional truck drivers.

11. In or around December 2023, Defendant Dieng was, on information and belief, employed by RTL. As part of his employment, Defendant Dieng was responsible for driving tractor trailers on highways in and between multiple states, including the state of Texas.

12. In or around December 2023, Defendant RTL is also the owner(s) of a 2019 Freightliner tractor trailer (VIN No. 3AKJHHDR6KSKH2406) and 2020 Hyundai trailer (VIN No. 3H3V532C6LR445592).

13. On or about December 21, 2023, RTL assigned Defendant Dieng to drive one or more of its tractor trailers as part of interstate travel.

14. While facing south at a stop sign at the exit of a roadside rest area, preparing to turn left to travel southeast-bound on State Highway 36, Defendant Dieng failed to yield the right away to oncoming traffic.

15. Defendant Dieng turned his tractor trailer across the highway, into oncoming traffic, directly in front of a 2006 Dodge Ram 1500.

16. As a result of Defendant Dieng's turning into oncoming traffic without warning and without yielding to oncoming traffic, Deing caused a collision. The 2006 Dodge Ram 1500 was being driven by Plaintiff, William H. Farrell.

17. Following the collision, the Texas Department of Public Safety ("DPS") performed an investigation into the collision. After performing their investigation, DPS concluded that Defendant Dieng's actions were the sole cause of the subject collision and that Plaintiff did not cause or contribute to causing the subject collision.

18. As a result of the collision, Plaintiff Farrell was seriously injured.

19. Thusfar, Defendants have failed or refused to accept responsibility for their actions. For this and related reasons, Plaintiff now files suit.

### IV. COUNT 1 – NEGLIGENCE AND NEGLIGENCE *PER SE* AGAINST DEFENDANT DIENG

20. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

21. In Texas, drivers must follow the Rules of the Road in order to prevent death and destruction on the roadway.

22. A driver is never allowed to needlessly endanger other motorists on the roadway. If a driver needlessly endangers another motorist, and as a result the motorist is injured, the driver must be held responsible.

23. A driver must yield to oncoming traffic before turning their vehicle across lanes of oncoming traffic. If a driver fails to yield to oncoming traffic, and as a result someone is injured, the driver must be held responsible.

24. A driver must always keep a proper lookout in order to protect the public. If a driver fails to keep a proper lookout, and as a result someone is injured, the driver must be held responsible.

25. A driver must always keep a safe distance from the vehicles in front of them to prevent causing serious injury or death to other drivers. If a driver fails to keep a safe distance from vehicles in front of them, and as a result another motorist is injured, the driver must be held responsible.

26. A driver must always keep from becoming distracted to prevent causing serious injury or death to other drivers. If a driver becomes distracted, and as a result another motorist is injured, the driver must be held responsible.

27. Defendant Dieng owed Plaintiff a duty to use reasonable care in the operation of his vehicle, and he failed to exercise such reasonable care.

28. Defendant Dieng was negligent in one or more of the following manner(s):

   a. In failing to obey the directions or instructions of a traffic control device or roadway markings [Tex. Transp. Code § 544.004];

   b. In failing to yield the right of way to oncoming traffic [Tex. Transp. Code § 545.151(f)];

   c. In failing to yield the right of way while turning left across oncoming traffic [Tex. Transp. Code § 545.152];

   d. In failing to safely turn his vehicle safely [Tex. Transp. Code § 545.103];

   e. In failing to keep a proper lookout;

   f. In driving his vehicle in a willful and wanton manner without due regard for the safety of persons and property [Tex. Transp. Code Ann. § 545.401];

   g. In failing to keep such a lookout as a person of ordinary, reasonable prudence would have kept under the same or similar circumstances;

   h. In failing to swerve or otherwise maneuver the vehicle so as to avoid the collision made the basis of this suit;

   i. In failing to make sure traffic was clear before turning his vehicle across oncoming lanes of traffic, so as to avoid the collision made the basis of this suit;

   j. In obstructing a highway with his vehicle, rendering passage unreasonably hazardous;

   k. In driving carelessly and failing to pay attention; and/or

l.  In otherwise operating the vehicle in an unsafe manner.

29. Defendant's conduct as alleged above violated the Texas Transportation Code and other statutes governing the operation of motor vehicles in the State of Texas. Violations of those statutes are negligence *per se* and that negligence proximately caused the collision and Plaintiff's injuries.

30. The foregoing acts and/or omissions constitute a breach of such duty to the Plaintiff and, therefore, constitute negligence and/or negligence *per se* in one or more of the above-referenced particulars.

31. Defendant Dieng's negligence, all or singular, individually or in combination, was/were a proximate cause of the collision made the basis of this suit and the resulting injuries and damages sustained by Plaintiff, which injuries and damages include the following:

a.  Medical expenses in the past and future;

b.  Physical pain and mental anguish in the past and future; and

c.  Physical impairment in the past and future.

## V.  COUNT 2 – NEGLIGENCE AGAINST DEFENDANT RTL

32. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

33. Companies who place commercial vehicles on the roadway must always hire qualified drivers. If a company fails to do so, and as a result someone is injured, the company must be held responsible.

34. Companies who place commercial vehicles on the roadway must always properly train their drivers. If a company fails to do so, and as a result someone is injured, the company must be held responsible.

35. Companies who place commercial vehicles on the roadway must always properly supervise their drivers. If a company fails to do so, and as a result someone is injured, the company must be held responsible.

36. Defendant RTL committed acts and omissions of negligence, violating the duty which Defendant owed Plaintiff to exercise ordinary care in the ownership, maintenance, and operation of a commercial motor vehicle and/or as motor carriers engaged in interstate commerce in at least one of the following particulars:

   a. Failing to hire qualified drivers;

   b. Failing to properly train drivers of commercial vehicles;

   c. Failing to have safety policies and procedures for its drivers;

   d. Failing to properly supervise drivers of commercial vehicles;

   e. Failing to properly inspect and maintain driver records; and

   f. In violating one or more provisions of the Federal Motor Carrier Safety Regulations (FMCSR) including without limitation Parts 383, 385, 387, 390, 391 and 395.

37. Defendant RTL entrusted the Truck to Defendant Dieng, who was a careless, reckless, incompetent, and/or unqualified driver. Defendant Dieng was not adequately trained regarding proper use, operation, and safe speed of the Truck and/or regarding the safe transportation of materials over the Texas public roadways. He was further not adequately trained to observe for and adjust his speed for roadway conditions that present special hazards to vehicles, like the Truck he was operating at the time of the wreck. Defendant RTL knew or, through the exercise of reasonable care, should have known that Defendant Dieng was a careless, reckless and/or incompetent and unqualified driver and/or was not adequately trained

regarding the proper use and operation of the Truck and/or in the safe transport of materials at the time of the accident.

38. Defendant RTL was negligent in the hiring, training, supervision, management, and/or retention of Defendant Dieng and in negligently entrusting the Truck to him.

39. Defendant RTL owed a duty to use ordinary care in the hiring, training, supervision, management, and retention of their employees or statutory employees, specifically Defendant Dieng, that corporations generally, and commercial motor carriers specifically, would use under the same or similar circumstances.

40. Defendant RTL breached this duty and was negligent by the following acts or omissions:

    a. Defendant RTL failed to use the reasonable care that a company would use in hiring, training, supervising, managing, and/or retaining their employee or statutory employee, and knew or through the exercise of reasonable care should have known, that Defendant Dieng was unqualified and/or incompetent to operate a commercial motor vehicle on the public roadways;

    b. Defendant RTL failed to use the reasonable care that a company would use in hiring, training, supervising, managing, and/or retaining their employee or statutory employee, and knew or through the exercise of reasonable care, should have known that Defendant Dieng was unqualified and/or incompetent to transport a trailer on the public roadways;

    c. Defendant RTL failed to implement appropriate defensive driving and accident avoidance with regard to the vehicle and load being transported on the date of the occurrence;

      d. Defendant RTL failed to monitor Defendant Dieng's actions within the subject truck; and

      e. Defendant RTL violated various provisions of the Federal Motor Carrier Safety Regulations and Carrier Safety Guide, including the aiding and abetting of regulation violations by its drivers, including Defendant Dieng.

41. The foregoing acts and/or omissions constitute a breach of such duty to the Plaintiff and, therefore, constitute negligence and negligence *per se* in one or more of the above-referenced particulars.

42. Defendant Dieng's negligence, all or singular, individually or in combination, was/were a proximate cause of the collision made the basis of this suit and the resulting injuries and damages sustained by the Plaintiff, which injuries and damages include the following:

      a. Medical expenses in the past and future;

      b. Physical pain and mental anguish in the past and future;; and

      c. Physical impairment in the past and future.

## VI.   COUNT 3 - VICARIOUS LIABILITY, *RESPONDEAT SUPERIOR* AND STATUTORY LIABILITY

43. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

44. Plaintiff invokes the common law doctrines of agency liability, *respondeat superior*, and/or vicarious liability for the acts and omissions of Defendant Dieng.

45. In addition, under both Federal and State regulations, motor carriers have a duty to control leased vehicles operated for their benefit. As a result, Defendant RTL is the statutory

9

employer of Defendant Dieng, and therefore, is jointly and severally liable for the above-mentioned acts and omissions of Defendant Dieng.

46. Defendant Dieng was operating the Truck at the time of incident as an employee and/or agent and within the course and scope of his employment with RTL, as that term is defined by Texas and Federal law.

47. Defendant RTL is liable for the wrongful acts and omissions of its current and former employees and agents and should be held liable for every act and omission of the same and any damages resulting therefrom.

## VII.     COUNT 4 – GROSS NEGLIGENCE AGAINST DEFENDANTS DIENG AND RTL

48. Plaintiff incorporates the facts and allegations in the preceding paragraphs as if fully set forth herein.

49. The acts or omissions of Defendants Dieng and RTL, as described above, when viewed objectively from Defendants standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

50. As described above, Defendants Dieng and RTL had actual, subjective awareness of the risk but proceeded with conscious indifference to the rights, safety, or welfare of others.

51. Each of the foregoing acts and omissions by Defendants Dieng and RTL, singularly or in combination with others, constituted gross negligence pursuant to TEX. CIV. PRAC. & REM. CODE §41.001 et. seq.

52. The negligence and negligence *per se* of Defendants described above occurred as a result of the type of conscious indifference and reckless disregard toward the safety of others as to allow for the award of exemplary or punitive damages under Texas law. Such conduct, as described for fully herein constitutes gross negligence. As a result, Plaintiff hereby makes a claim

for exemplary or punitive damages against Defendants Dieng and RTL. Plaintiff seeks exemplary damages in an amount that may be found by the trier of fact.

53. Thus, Defendants are liable for exemplary damages, in accordance with Texas Civil Practice & Remedies Code §41.003.

## VIII.   CONDITIONS PRECEDENT

54. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## IX.   JURY DEMAND

55. Plaintiff demands a jury trial and tenders the appropriate fee with this complaint.

## X.   PRAYER

56. For the reasons above, Plaintiff William H. Farrell asks the Court to issue summons for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

   a. Actual damages,

   b. Exemplary damages,

   c. Court costs,

   d. Pre-judgment and post-judgment interest at the highest rates allowed by law, and

   e. All other relief, legal or equitable, to which Plaintiff is entitled.

Dated: February 16, 2024

Respectfully submitted,

**CHERRY JOHNSON SIEGMUND JAMES PLLC**

/s/ Craig D. Cherry
_____

Craig D. Cherry
State Bar No. 24012419
Ryan C. Johnson
State Bar No. 24048574
Mark D. Siegmund
State Bar No. 24117055
The Roosevelt Tower
400 Austin Avenue, Suite 903
Waco, Texas 76701
(254) 732-2242
(866) 627-3509 (facsimile)
ccherry@cjsjlaw.com
rjohnson@cjsjlaw.com
msiegmund@cjsjlaw.com

**ATTORNEYS FOR PLAINTIFF
WILLIAM H. FARRELL**