IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WILLIAM H. FARRELL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 6:24-cv-00091-ADA-DTG |
| § | |
| MASSAMBA DIENG; and BEST § | |
| TRUCKING USA, INC. § | |
| § | |
| Defendants. § | **JURY TRIAL DEMANDED** |

## FINDINGS OF FACT AND ORDER AWARDING DAMAGES

The Court, having granted Plaintiff's Motion for Sanctions and stricken Defendants Massamba Dieng and Best Trucking USA, Inc.'s (collectively, "Defendants") pleadings, held an evidentiary hearing to establish damages. As a result of striking Defendants' pleadings, the Court finds that the Defendants are jointly and severally liable to Plaintiff for negligence. Based on the evidence at the hearing, the arguments of counsel, and any briefing, the Court makes the following findings of fact.

### I.   FINDINGS OF FACT

**Background of the Accident**

The accident occurred on December 21, 2023, at approximately 11:35 PM on State Highway 36 near Hamilton County, West of Waco, Texas. The collision involved Mr. Farrell's 2006 Dodge Ram pickup truck and a commercial tractor-trailer operated by Mr. Dieng.

Weather conditions at the time included rain and mist, which affected visibility. The accident was characterized as routine, with Mr. Dieng pulling out from a rest stop onto the highway where Mr. Farrell was traveling.

Following the accident, Mr. Dieng remained at the scene, was polite and apologetic to Mr. Farrell, stating that he "didn't see" Mr. Farrell's vehicle. No citations were issued, and no criminal charges were filed against Mr. Dieng. Mr. Farrell did not observe any signs of impairment or intoxication from Mr. Dieng.

### Medical Treatment and Injuries

At the hearing, the Court heard the testimony of two witnesses: (1) Plaintiff William Farrell ("Plaintiff"); and (2) Dr. Timothy Dannemiller ("Dr. Dannemiller"). The Court admitted Dr. Dannemiller as an expert in primary care treatment and emergency medicine at the hearing. Based on that testimony and the documentary evidence presented, the Court makes the following findings of fact based on a preponderance of the evidence.

Plaintiff testified regarding his experiences prior to, during, and after the wreck. Based on Plaintiff's testimony, which the Court finds to be credible, Plaintiff never suffered from whiplash, shoulder pain, knee pain, or headaches before the crash on December 21, 2023. As a result of the crash, Plaintiff suffered from headaches that caused light sensitivity. Plaintiff also suffered from neck pain that prevented him from looking to the side, up, or down without pain. This neck pain was caused by whiplash that Dr. Dannemiller diagnosed on December 27, 2023, for which Plaintiff had to take muscle relaxers and prescription pain medication.

The impact also caused Plaintiff to suffer from bilaterial knee sprain and knee pain. The impact of the wreck caused Plaintiff's knees to strike the lower dashboard and a trailer brake installed near the steering column of his vehicle. This knee injury caused Plaintiff pain while walking for weeks after the wreck. This knee pain, combined with Plaintiff's post-wreck headaches, caused Plaintiff to lay in bed after the wreck, preventing him from engaging in normal daily activities he enjoyed at the time and around the Christmas holidays. This knee pain was

ultimately diagnosed as sprains in both of Plaintiff's knees by Dr. Dannemiller who prescribed muscle relaxers and prescription pain medication for Plaintiff. Dr. Dannemiller further testified that he did not believe Plaintiff was malingering or over-exaggerating his pain levels during the December 27, 2023, appointment.

Plaintiff's knee injuries also caused him physical pain during his summer employment as a ranch laborer. Such employment involved significant amounts of walking, manual labor, and time on Plaintiff's feet. His knee pain, which had not resolved by that point, decreased his ability to perform that work effectively.

The Court also finds that Plaintiff suffered, still suffers, and will more likely than not continue to suffer from mental anguish caused by the wreck. Dr. Dannemiller testified that Plaintiff's medical records from emergency medical services indicated that Plaintiff was suffering from an anxiety reaction to the wreck on the scene. Dr. Dannemiller testified that Plaintiff had an elevated blood pressure at a near critical level, elevated respiratory rate, and elevated heart rate on the scene of the wreck. Dr. Dannemiller testified to a reasonable degree of medical probability that these are all physical manifestations of an anxious reaction to a traumatic event.

After the wreck, the Plaintiff began experiencing panic attacks when riding as a passenger, particularly when the driver stopped suddenly or applied the brakes with moderate force. These panic attacks cause Plaintiff heart racing, difficulty breathing, and nausea (sometimes to the point of vomiting). Plaintiff did not suffer these panic attacks before the wreck. These panic attacks continue today and, more likely than not, will continue in the future.

Plaintiff also suffered from nightmares about the wreck. Plaintiff had not suffered from nightmares before the wreck.

In addition to his panic attacks, he still thinks about the wreck and the impact it has had on him every day since December 21, 2023.

Dr. Dannemiller also testified that he believed William was in at least a moderate amount of pain based on his symptoms at the December 27, 2023.

In light of the Court's entering default judgment against the Defendants, all of the admissions in Plaintiff's Complaint are admitted. *Escalante v. Lidge*, 34 F.4th 486, 489 (5th Cir. 2022).

## II.    CONCLUSIONS OF LAW

**Liability**

The Court has already determined that Defendant Dieng was negligent in the operation of his commercial motor vehicle on December 21, 2023, as evidenced by the Court's order striking Defendants' pleadings. As a result, Defendants Massamba Dieng and Best Trucking USA, Inc. are liable for Plaintiff's legally compensable damages proximately caused by the accident.

Even when liability for negligence is established or stipulated, a plaintiff seeking exemplary damages must still prove by clear and convincing evidence that the harm resulted from fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003(a); *U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012). The establishment of ordinary negligence does not automatically establish gross negligence. *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 20 – 21 (Tex. 1994) (holding that "a finding of negligence does not automatically justify the imposition of exemplary damages"). Gross negligence consists of both an objective and subjective component: (1) viewed objectively from the actor's standpoint, the act or omission must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed

with conscious indifference to the rights, safety, or welfare of others. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001).

The evidence presented at trial established that the accident occurred on a rainy night with poor visibility, that Defendant Dieng remained at the scene, cooperated with authorities, and that no citations were issued or criminal charges filed. The Court concludes that Plaintiff has failed to establish by clear and convincing evidence that Defendants' conduct constituted gross negligence.

**Pain and Suffering in the past**

With respect to physical pain and suffering, the Court concludes that Plaintiff is entitled to reasonable compensation for the pain he experienced during the duration of his injuries.

**Physical impairment**

With respect to physical impairment, the Plaintiff testified that his injuries left him confined to his bed during the Holiday season. Plaintiff further testified to being physically impaired while working as a ranch hand the summer following the accident. The Court concludes that the evidence presented at trial meets the legal threshold for an award of past physical impairment damages.

**Mental Anguish**

With respect to mental anguish, Plaintiff testified to experiencing anxiety and panic attacks following the accident. The Court concludes that the evidence presented at trial meets the legal threshold for an award of past and future mental anguish damages.

**Medical Expenses**

Plaintiff's total medical expenses related to the accident amount to $322.90, consisting of $191.79 for EMS services and $131.11 for one doctor visit. The Court concludes that Plaintiff is entitled to recover his reasonable and necessary medical expenses in this amount.

### III.  DAMAGES

Based on the findings of fact above, the Court awards Plaintiff the following damages against Defendants jointly and severally:

1. Pain and suffering in the past:        $37,500
2. Physical impairment in the past:       $37,500
3. Mental anguish in the past:            $37,500
4. Mental anguish in the future:          $37,500
5. Past Medical Expenses:                 $322.90
6. Post-judgment interest.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff be awarded total damages of $150,322.90.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff be awarded post-judgment interest at a rate of 4.1%[1] from date of entry of final judgment per 28 U.S.C. § 1961(a).

**SIGNED** this 16th day of June, 2025.

_____
**ALAN D ALBRIGHT**
**UNITED STATES DISTRICT JUDGE**

---

[1] Fed. Reserve Selected Interest Rates (Daily), https://www.federalreserve.gov/releases/h15/ (last visited May 19, 2025)